Manuel BOLANOS–GARZON,
Petitioner,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 05–75614.

United States Court of Appeals,
Ninth Circuit.

Submitted April 16, 2007.*

Filed April 27, 2007.

Steven R. Espinoza, Whittier, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Anthony P. Nicastro, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GRABER, CLIFTON, and BEA, Circuit Judges.

MEMORANDUM **

Manuel Bolanos–Garzon seeks review of an order of the Board of Immigration Appeals ("BIA") affirming an immigration judge's order denying Bolanos–Garzon's application for cancellation of removal and denying his motion to remand. We dismiss the petition for review.

The new evidence Bolanos–Garzon presented with his motion to remand concerned the same basic hardship grounds as his application for cancellation of removal. *See Fernandez v. Gonzales*, 439 F.3d 592, 602–603 (9th Cir.2006). We therefore lack jurisdiction to review the BIA's discretionary determination that the evidence was insufficient to establish a prima facie case of hardship. *See id.* at 601 (holding that if "the BIA determines that a motion to reopen proceedings in which there has already been an unreviewable discretionary determination concerning a statutory prerequisite to relief does not make out a prima facie case for that relief," 8 U.S.C. § 1252(a)(2)(B)(i) bars this court from revisiting the merits); *see also Ramirez–Alejandre v. Ashcroft*, 319 F.3d 365, 382 (9th Cir.2003) (motions to remand are treated like motions to reopen).

Bolanos–Garzon's contention that the BIA violated his due process rights by disregarding his evidence of hardship does not amount to a colorable constitutional claim. *See Martinez–Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir.2005) ("[T]raditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction.").

We do not consider Bolanos–Garzon's contention regarding moral character because his failure to establish hardship is dispositive.

**PETITION FOR REVIEW DISMISSED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.